T.C. Memo. 1996-315


UNITED STATES TAX COURT


ROBERT W. ACKERMAN and PATRICIA A. ACKERMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 25498-87.                    Filed July 11, 1996.


Robert W. Ackerman and Patricia A. Ackerman, pro sese.

<u>Andrew M. Winkler</u>, for respondent.



MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned for trial to Special
Trial Judge John F. Dean pursuant to section 7443A(b) of the Code

and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

DEAN, Special Trial Judge:  Respondent determined deficiencies in, additions to, and increased interest on petitioners' Federal income tax as follows:

|  |  | Additions to Tax | | | |
| Year | Deficiency[1] | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6659 | Sec. [2]6661 |
| 1978 | $30,342 | $1,517.10 | -- | $8,315.40 | $7,585.50 |
| 1979 | 20,794 | 1,039.70 | -- | 6,210.00 | 5,198.50 |
| 1981 | 25,168 | 1,258.40 | 50 percent of interest due on $25,168 | 7,550.40 | 6,292.00 |
| 1982 | 15,720 | 786.00 | 50 percent of interest due on [3]$8,693 | 2,607.90 | 3,930.00 |

[1]     Sec. 6621(c) interest is determined to apply to the entire deficiency as determined for each of the taxable years 1978, 1979, 1981, and 1982.

[2]     Sec. 6661 is asserted as an alternative to sec. 6659.  In the alternative, the addition is asserted as 25 percent of the underpayments of $30,342, $20,794, $25,168, and $15,720 for the taxable years 1978, 1979, 1981, and 1982, respectively.

[3]     This amount is taken from the partial copy of the notice of deficiency attached to the petition.  We note that this amount differs from the amount listed in respondent's Trial Memorandum filed February 2, 1995.

Petitioners conceded on opening statement that they do not dispute the accuracy of the deficiencies and additions to tax and the interest on tax motivated transactions contained in the statutory notice of deficiency, as modified by respondent's trial

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

memorandum.  Accordingly, after concessions by respondent,[2] the only issue for decision is whether the deficiencies, additions to tax, and increased interest contained in the subject notice of deficiency were part of prior settlement agreements with respondent.

There is no stipulation of facts in this case.[3]  The Court relies only upon the pleadings, and the testimony and exhibits admitted at trial.  Petitioners were residing in Phoenix, Arizona, at the time the petition was filed in this case.  All references to petitioner are to Dr. Robert W. Ackerman.

---

[2]Respondent in her trial memorandum makes a number of concessions.  She concedes $4,048 of the adjustment to income for tax year 1981 and $15,801 of the adjustment to income for tax year 1982, now limiting her adjustments for those years to $14,653 and $27,667, respectively.
With respect to the asserted additions to tax under sec. 6659, respondent concedes that the addition to tax for the year 1979 is $1,550.40 instead of $6,210, that the addition to tax for the year 1981 is $4,676.40 instead of $7,550.40, and respondent concedes that there is no addition to tax due for the year 1982 under sec. 6659.
In the alternative to the additions to tax under sec. 6659, respondent has asserted additions to tax under sec. 6661 for the years 1978, 1979, 1981, and 1982.  She concedes that in the alternative to the sec. 6659 additions to tax asserted for the years 1981 and 1982, the additions to tax under sec. 6661 are limited to $2,395 and $3,930, respectively.

[3]Petitioner Robert W. Ackerman refused to agree to any factual or documentary stipulations.

Background

A complete copy of the statutory notice of deficiency is not a part of the record in this case. Based upon the pleadings, we find that the deficiencies, additions to tax, and the increased rate of interest on underpayments of tax due to tax motivated transactions result from deductions and credits taken by petitioners as flow-through items from the 1981 partnership year of "Carrington Equipment Associates".[4]

Petitioners argue that the issues in the present case were settled and the taxes paid under prior agreements with the Internal Revenue Service (IRS). Respondent's answer to petitioners' argument is that any prior settlements with petitioners covered matters other than those raised by the notice of deficiency in this case.

The parties submitted as evidence at trial copies of 3 Forms 870-L(AD), "Settlement Agreement For Partnership Adjustments And Affected Items". Each agreement is signed by petitioners and dated January 2, 1990. The three settlement agreements relate to: (a) "Barrister Equipment Associates, Series 83", for partnership tax year 1982; (b) "Carrington Equipment Associates"

---

[4]Paragraph 4(a) of the petition alleges that "All investment tax credits were disallowed on Carrington Equipment Associates" and should have been allowed. Paragraph 5 of the petition alleges, and respondent admits in her answer that "It is our information that this case is being tried under a test case on the 1981 partnership of Carrington Equipment Associates".

for partnership tax year 1983; and (c) "Barrister Equipment Associates, Series 152", for partnership tax year 1984.

As best as we can determine from the submitted documents and testimony, petitioners, sometime before May of 1991, had been examined and assessed additional income taxes for the years 1979, 1980, 1982, 1983, and 1984. A handwritten "Record of Accounts" attached to a note dated May 10, 1991, was sent to petitioners. The document, prepared by an employee of respondent's Problem Resolution Office, indicates the application of payments dated September 12, 1990, to outstanding "audit assessments" as well as unpaid interest for each of the above years. Petitioners had made a $100,000 payment by check to the IRS and received a receipt for payment of taxes dated September 12, 1990.

Petitioner testified that in addition to the $100,000 paid in September of 1990, he later paid about $146,000 to IRS to settle "all tax years * * * germane to the Barrister case." Petitioner's testimony concerning this payment is corroborated by a January 24, 1992, document prepared by a revenue officer, indicating the receipt from petitioners of 2 checks totalling $146,814.78. The document indicates that these funds were applied to "assessed penalties and interest" and "accrued penalties and interest" for the years 1979, 1980, 1982, 1983, and 1984. Dr. Ackerman received a February 5, 1992, memorandum from one of respondent's revenue officers stating that "All periods

from 1978 to 1984 are in status 12 which indicates they are closed and satisfied."

Discussion

Having conceded the accuracy of respondent's adjustments, petitioners bear the burden of establishing their claim that the issues in this case have been previously settled with respondent. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). That task is exceedingly difficult here since none of petitioners' tax returns for any of the years involved nor a complete copy of the statutory notice of deficiency is in evidence.

The partnership settlement agreements

Petitioners' evidence and argument that the issues in this case have been settled is answered by a statement made in Maxwell v. Commissioner, 87 T.C. 783, 787 (1986). There the Court said: "This case presents the dichotomy between, on the one hand, the procedures applicable to the determination and redetermination of deficiencies and, on the other hand, the procedures applicable to the administrative adjustment and judicial readjustment of partnership items." (Emphasis in original).

As is described in further detail in Maxwell, prior to the enactment of special partnership audit and litigation procedures, any deficiency determination involving the income, loss, deduction, or credit of a partnership was made for each partner along with all other items on the partner's individual Federal

income tax return.  Judicial review of respondent's deficiency determination was restricted to the particular partner before the Court.

The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 402(a), 96 Stat. 324, 648, enacting the Tax Treatment of Partnership Items Act of 1982, changed this procedure.  Under the TEFRA partnership audit and litigation procedures, Congress provided a method that did not determine a partner's tax liability on an individual basis:  "The tax treatment of any partnership item shall be determined at the partnership level."  Sec. 6221.  The provisions of TEFRA, however, are effective only for partnership years beginning after its date of enactment, September 3, 1982, and to any partnership year ending after that date if the partnership, each partner, and each indirect partner requests such application and the Secretary or his delegate consents to such application.  TEFRA sec. 407, 96 Stat. 670-671

All of the settlement agreements signed by petitioners contain a statement that they are entered into under the provisions of section 6224(c).[5]  Under section 6224(c)(1), a settlement agreement is binding on the parties to the agreement

---

[5]Sec. 6224(c) is part of the Tax Treatment of Partnership Items Act of 1982 in TEFRA, Pub. L. 97-248, 96 Stat. 648-669, enacting secs. 6221-6232.

"with respect to the determination of <u>partnership items</u> for any <u>partnership taxable year</u>." (Emphasis supplied.) The three settlement agreements in evidence are for partnership items for partnership taxable years 1982, 1983, and 1984. The partnership at issue in the agreement for 1982 is not "Carrington Equipment Associates" but "Barrister Equipment Associates, Series 83."

Respondent's notice of <u>deficiency</u> in this case is with reference to deductions and credits claimed on petitioners' income tax returns as flow-through items from the 1981 partnership taxable year of Carrington Equipment Associates, a partnership taxable year that is not subject to the TEFRA procedures or the settlement agreements previously described. Therefore the settlement agreements relied upon by petitioner did not settle the issues that are the subject of this deficiency proceeding.

Petitioners' settlement of partnership taxable items for the years 1982, 1983, and 1984 may have affected their tax liabilities for prior years due to the disallowance of loss carrybacks. But that does not prohibit respondent from making a further examination for those years for other income tax adjustments. See <u>Digby v. Commissioner</u>, 103 T.C. 441, 447 (1994). Further, the mere fact that a revenue officer of respondent, responsible for collecting assessed taxes, sends a letter to a taxpayer stating that he is "paid in full" for a

particular year does not foreclose the assessment of additional taxes for that year. <u>Dorl v. Commissioner</u>, 507 F.2d 406 (2d Cir. 1974), affg. T.C. Memo. 1973-145.

Based on the record, we hold that petitioners have failed to carry their burden of proving that the TEFRA settlement agreements for partnership years 1982, 1983, and 1984 also effected settlement of the deficiencies determined with respect to petitioners' 1978, 1979, 1981, and 1982 returns relating to the Carrington Equipment Associates 1981 partnership year.

To reflect our conclusion with respect to the only disputed issue and the concessions made by the parties,

<u>Decision will be entered under Rule 155</u>.